## No. 806

### HILLES et, Executors v. STATE

No. 19816. Supreme Court

On motion to certify. Dock. May 13, 1926; 4 Abs. 322.

635. INHERITANCE TAX—Within the purview of 5340 GC., may the Probate Court assess a tax or does such court merely have jurisdiction to hear an determine questions arising from the inheritance tax law?

This suit was filed originally in the Probate Court of Hamilton County by William T. Hilles and Ithica Trust Company as executors of the estate of Elizabeth T. Long, deceased, against the State for the purpose of recovering an inheritance tax, paid by the executors under a mistaken impression of the New York law.

Long by her will probated in New York bequeathed $32,000 to Cornell University and also provided for certain bequests to charitable institutions in Cincinnati.

The New York law exempts charitable bequests to public institutions of learning from the operation of the inheritance tax. The Hamilton Probate Court levied an assessed inheritance tax on the bequest of Cornell University, the executors paying the same without object under a mistaken impression of the New York law. After the mistake was learned an application was made in the Probate Court for a refunder which application was dismissed upon motion of the State. The Common Pleas and Court of Appeals affirmed the Probate Court in this ruling.

The executors in the Supreme Court contend:

1. That the court was without jurisdiction to assess a tax forbidden by law.

2. That their rights are not prejudiced by a failure to take exceptions because the assessment was void and the court had no jurisdiction.

3. That the judgment is void and therefore no rights are divested nor any rights obtained.

4. The general rule that a tax paid voluntarily cannot be recovered does not apply because the court had no jurisdiction over the subject matter.

5. The waiver and consent by the executors cannot validate a void judgment.

**Attorneys**—Charles V. Wilby and Clark Wilby, Cincinnati, for Executors; C. C. Crabbe, Columbus, and Charles W. Baker, Jr., incinnati, for State.

**Note**—Motion to certify overruled, 4 Abs. 405.